## McLENDON HARDWARE CO. v. J. A. HILL & SON. (No. 8413.)

(Court of Civil Appeals of Texas. Dallas. Dec. 18, 1920.)

**1. Warehousemen ⊚⇒15(2)—Constructive possession of cotton evidenced by ticket.**

Where a cotton yard issued a ticket for a bale of cotton, the legal title, ownership, and constructive possession of the bale was evidenced by the ticket, so that the delivery of the ticket was a symbolic delivery of the cotton and raised a presumption of the transfer of ownership, although the rule would be otherwise if the possession by the cotton yard indicated a claim of ownership by it.

**2. Appeal and error ⊚⇒203(1)—Where there was no request for order as to burden of proof, matter is not available on appeal.**

Where there was no request for an order as to burden of proof at the time of trial, no complaint can be made on appeal that the trial court failed to make an order with reference to the matter.

**3. Appeal and error ⊚⇒714(1) — Appellate court is confined to the statement of facts.**

The appellate court is confined to the statement of facts and cannot consider evidence from any other source.

**4. Chattel mortgages ⊚⇒153 — One obtaining constructive possession of cotton takes precedence over unrecorded chattel mortgage.**

Where the ticket for a bale of cotton was delivered by the grower to a bank holding a recorded crop mortgage, and the bank transferred the ticket to plaintiff, who had no knowledge of defendant's crop mortgage, plaintiff is entitled to the cotton as against defendant; the transfer of the ticket carrying with it possession and it not appearing that defendant's mortgage was recorded.

Appeal from Hill County Court; R. T. Burns, Judge.

Suit for trial of the right of property by J. A. Hill & Son against the McLendon Hardware Company, begun in justice court and appealed to the county court. From a judgment for plaintiff in the county court, defendant appeals. Affirmed.

Sleeper, Boynters & Kendall and Sanford & Harris, all of Waco, for appellant.

Ivy & Stollenwerck, of Hillsboro, for appellee.

HAMILTON, J. This suit for the trial of the right of property was filed in the justice of the peace's court in Hill county by appellee against appellant. There it was tried, and from the judgment rendered in that court there was an appeal to the county court of Hill county, where it was tried again. The case was submitted to the court and a jury. The verdict of the jury was for appellee and judgment was entered accordingly, from which this appeal is prosecuted.

The suit involved the right of title and possession of a bale of cotton.

E. M. Mahoney, a tenant farmer residing in Hill county, executed a note to appellant in December, 1916, which seems to have been payable in Waco, McLennan county, Tex., and it matured in the fall of 1917. This note was secured by a chattel mortgage executed by Mahoney to appellant, covering, besides other personal property, the second and fifth bales of cotton to be raised by Mahoney on a certain farm in Hill county during the year 1917. When the note matured Mahoney failed to pay it. McLendon Hardware Company filed suit in the county court of McLennan county and foreclosed its mortgage. In connection with the suit a writ of sequestration was issued and it was levied upon a bale of cotton at a cotton yard in the town of Whitney, in Hill county, which bale of cotton was identified by a yard ticket numbered 1961 and made to E. M. Mahoney.

The sheriff having taken possession of the cotton under the writ of sequestration, appellee made and filed a claimant's oath and bond in compliance with statutory requirement and thereby repossessed the property.

Appellant complains of the judgment upon the ground that the evidence is insufficient to support it, because, it is contended, the bale of cotton was levied upon while in the possession of one other than the claimant, appellee, and accordingly the burden was upon appellee to show that the cotton was not included in the mortgage from Mahoney to McLendon Hardware Company, and, there being no evidence at all as to this, the judgment is without evidence to sustain it.

The proof showed that the bale of cotton was in the cotton yard under a mark and number identifying it as cotton belonging to Mahoney. It also showed that the ticket for the bale issued by the cotton yard had been delivered to the First State Bank of Hillsboro and by the bank delivered to appellee in connection with the sale of the cotton to appellee by the bank. This was symbolic delivery of possession and title by the bank to appellee.

[1] The possession of the cotton by the cotton yard was not of the nature that would indicate a claim of ownership by the cotton yard. If the possession by the cotton yard had been such as to signify claim of title and ownership, then the proposition advanced by appellant might be sustained in law, but under the facts of this case it is not tenable. The legal title and ownership and constructive possession of the cotton was evidenced by the ticket issued on the bale and delivered to Mahoney. The ticket was in the possession of the bank as evidencing title and ownership in the bank. Hence delivery of the ticket to appellee was symbolic and legal delivery of

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

possession of the cotton to appellee. The cotton yard was making no claim of ownership and could be presumed only to hold the cotton for the holder of the ticket. Its possession was the possession of the lawful holder of the ticket, and the control of the cotton was subject to the will of such holder of the ticket. The delivery of the ticket being symbolic delivery of the cotton, we think the presumption of ownership and legal possession exists in favor of appellee, and that for this reason appellant's contention should be overruled.

[2] Appellant's second assignment of error, complaining of the action of the trial court in failing to make an order with reference to the burden of proof, is overruled. There appears to have been no request for such order at the time of trial. Furthermore, conceding that Hill & Son had the burden of proof, the record shows that they discharged it so as to authorize the judgment.

[3, 4] The proof conclusively shows that Hill & Son bought the cotton from the bank before it was levied upon in behalf of appellant by the sheriff of Hill county. The evidence shows without contradiction that the bank had a mortgage on the cotton raised in 1917 by Mahoney for his debt to the bank, and the evidence also indicates that the bank's mortgage was recorded on February 19, 1917. It appears that the proceeds of the sale to Hill & Son were applied by the bank to the extinguishment of Mahoney's debt. The facts are such as to indicate that the ticket was delivered to the bank by Mahoney as a delivery of the cotton on the debt secured by the bank's mortgage. At the time Hill & Son bought the cotton they had no actual notice of appellant's mortgage. So far as the record discloses the evidence, no proof that this mortgage was recorded appears. Counsel for appellant in their brief state that appellant's mortgage was of record. The intrinsic correctness of their statement is not questioned, but it finds no support in the statement of facts brought to this court, and we are bound to look exclusively to the statement of facts to ascertain the evidence. Not only does the statement of facts fail to show positively that the mortgage was recorded, but, on the contrary, it contains a copy of the mortgage which appears not to have been recorded. Accordingly, since this is the record before us, it appears that appellee had neither actual nor constructive notice of appellant's mortgage, and that appellee lawfully acquired title to the cotton free of any claim existing in appellant's favor by virtue of its mortgage.

The judgment of the trial court is affirmed.